UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Roosevelt Baccus, <br> a/k/a *John Baccus*, <br><br> Plaintiff, <br><br> vs. <br><br> Brian Sterling; Tamara Conwell; Nancy C. Merchant; S. Duffy; T. Landreth; Larry Cartledge; Florence Mauney; Steven S. Claytor; C. Early; John Does; Jane Does; Nikki R. Haley; Hugh Leatherman; and Daniel J. Crooks, III, <br><br> Defendants. | ) C/A No. 9:14-429-DCN-BM <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) |



The Plaintiff, John Baccus, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), is a frequent filer of litigation in this Court, having brought over twenty (20) pro se cases over the years.

In his current action, Plaintiff seeks declaratory relief, class action certification, compensatory damages, and punitive damages for alleged violations of his constitutional rights. Complaint, ECF No. 1 at 2, 6. When he filed his Complaint, Plaintiff provided completed summonses for only some of the named Defendants, and provided a completed Form USM-285 for only one Defendant, Daniel J. Crooks, III. Therefore, by Order of the Court entered June 17, 2014, Plaintiff was given twenty-one (21) days to bring his Complaint into proper form by completing one


summons form listing every Defendant named in this matter and by completing, signing, and returning Forms USM-285 for all named Defendants. Plaintiff was specifically admonished that if he failed to provide the items specified within the period prescribed in the Order, the file would be forwarded to a United States District Judge to determine whether dismissal of the case was appropriate. See In re: Procedures and Civil Actions Filed by Prisoner Pro Se Litigants, No. 3:07-mc-5014-JFA. On August 12, 2014, the proper form order was re-mailed to Plaintiff at the Broad River Correctional Institution of the SCDC, as an inmate search indicated that Plaintiff had been transferred there from the Perry Correctional Institution (where Plaintiff was housed at the time he filed this action and where the Order was originally sent) of the SCDC.[1]

However, notwithstanding the specific notice and instructions as set forth in the proper form order, Plaintiff has failed to complete his proper form process, or contact the Court in any way. No Defendant has been served. Therefore, it is recommended that this case be dismissed, without prejudice, for the failure of Plaintiff to comply with this Court's Order or to properly prosecute his claims. See Fed. R. Civ. P. 41(b); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of Am., 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning].

---

[1] This second mailing was performed as a courtesy to the Plaintiff in light of his pro se status. Plaintiff has not submitted a change of address notice with the Court or otherwise advised the Court that he is no longer at the address shown on his filings.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 7, 2015
Charleston, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).